FILED

2012 DEC 26  PM 2: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ———————

1 | SEPEHR DAGHIGHIAN, ESQ. (State Bar No.: 239349)
NATHAN TALEI, ESQ. (State Bar No.: 281498)
2 | **LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**
433 North Camden Drive, Fourth Floor
3 | Beverly Hills, California 90210
Telephone:     (310) 887-1333
4 | Facsimile:      (310) 887-1334
E-mail: sepehr@daghighian.com

5 | Attorney for Plaintiff:
6 | **LIFE IS NOW, INC., an Illinois Corporation**

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | LIFE IS NOW, INC., an Illinois
Corporation
11

Case No. **CV12-10955-PSG (PLAx)**

12

**COMPLAINT FOR:**

13 |                   Plaintiff,

(1) **CYBERPIRACY;**

14 | v.

(2) **FEDERAL TRADEMARK INFRINGEMENT;**
(3) **FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION;**

15

16 | INTERNET.BS CORP, a business entity,
form unknown; GREGG MCNAIR, an
17 | individual; and MARC RINUADO, an
individual

(4) **TRADEMARK DILUTION;**
(5) **CALIFORNIA TRADEMARK DILUTION;**
(6) **CALIFORNIA UNFAIR DECEPTIVE AND UNFAIR TRADE PRACTICES; AND**

18

19 |                   Defendants.

(7) **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION.**

20

21 | **JURY TRIAL DEMANDED**

22

23

24

25 |       Plaintiff, LIFE IS NOW, INC. ("LIFE IS NOW" or "Plaintiff") files this Complaint

26 | against INTERNET.BC CORP., a business entity, form unknown, GREGG MCNAIR, an

27 | individual, and MARC RINUADO, (collectively, "Defendants"), and demands a trial by jury, and

28 | avers as follows:

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

COMPLAINT

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

## NATURE OF ACTION

1.     This is an action for Cyberpiracy, Federal Trademark Infringement, False Designation of Origin/Unfair Competition, Trademark Dilution, as well as for California Trademark Dilution, California Unfair Deceptive And Unfair Trade Practices, and Common Law Trademark Infringement and Unfair Competition.  Plaintiff seeks monetary damages, attorney fees, costs and preliminary and permanent injunctive relief.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. § 1121 (Trademarks), 28 U.S.C. §§ 1331 (Federal Question) and 15 U.S.C. §1338 (acts of Congress relating to trademarks and unfair competition).  The Court has supplemental jurisdiction of the state law claim under 28 U.S.C. §1367.

3.     This Court has personal jurisdiction over the Defendants by virtue of their transacting, doing and soliciting business in this judicial district; and because these Defendants continue to offer services that infringe and dilute the distinctive quality of Plaintiff's trademark in this judicial district.

4.     Further, the Defendants operate one or more web sites on the Internet from this judicial district that are accessible to residents of the State of California and are used as landing pages through which advertisements are placed and parties interested in purchasing such domain names may submit offers for purchase.

5.     The Defendants have committed tortuous acts in this judicial district which it knew or should have known would cause Plaintiff injury in the State of California.

6.     Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the named Defendants have conducted their tortuous business activities within this judicial district, and because a substantial part of the events giving rise to the causes of action occurred from and in this district.

///

///

///

COMPLAINT

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

## THE PARTIES

7.     Plaintiff, LIFE IS NOW, INC. is an Illinois corporation that provides education services, seminars, and personal and professional coaching primarily in the field of business to the general public using its trademark "JUST BELIEVE". The Plaintiff's principal place of business is located and headquartered in Cook County, Illinois.

8.     Plaintiff owns a United States Registration for the Trademark "JUST BELIEVE".

9.     Upon information and belief, Defendant, INTERNET.BS CORP., is a business entity, form unknown, doing and soliciting business within this judicial District. Upon information and belief, the officers and/or directors and/or owners or partners of said company are Defendants, GREGG MCNAIR and MARC RINUADO. At all times material hereto, Defendant INTERNET.BS CORP. was conducting business as an ICANN accredited domain name registrar, and provided private domain name registrations.

10.     Upon information and belief, the Defendant, GREGG MCNAIR is an individual doing and soliciting business within this judicial district. Said Defendant is the Chairman of the INTERNET.BS CORP business entity.

11.     Upon information and belief, the Defendant, MARC RINUADO, is an individual doing and soliciting business within this judicial district. Said Defendant is the Founder and CEO of the INTERNET.BS CORP business entity.

12.     Upon information and belief, at all times herein mentioned, the Defendants, and each of them, were the agents and/or employees and servants and/or representatives of each of the other Defendants, and each of them, and were acting within the purpose, course and scope of said agency, service, employment or representation; and in doing the things herein alleged were acting with the permission and consent of the other Defendants.

13.     Upon information and belief, the separate acts and omissions of each of the Defendants, as set forth herein, were done intentionally and pursuant to a common plan and design to injure the Plaintiff. As a result of this civil conspiracy, each of the Defendants should be held individually liable and responsible for the entirety of the Plaintiff's damages.

///

COMPLAINT

# FACTS COMMON TO ALL COUNTS

## Plaintiff's Trademark

14.     Since long before the acts of the Defendants complained of herein occurred, the Plaintiff has been engaged in the business of providing education services, seminars, and personal and professional coaching primarily in the field of business to the general public. As early as January of 2003, Plaintiff began using and displaying the trademark JUST BELIEVE in order to provide such services.

15.     The aforementioned mark was used by Plaintiff for the purpose of its business, which provided services to clients seeking business education and wealth coaching in California and in several other states.

16.     Since long before the acts of the Defendants as alleged herein, the Plaintiff's mark has been used and displayed in interstate commerce to advertise, promote, identify and distinguish the Plaintiff's high quality work for an extended period of time.  Accordingly, the Trademark has gained widespread recognition in the industry and among the consuming public.

17.     On January 25, 2009, Plaintiff filed a United States Trademark Application for the Trademark "JUST BELIEVE".

18.     On May 4, 2010 the United States Patent and Trademark Office issued a trademark registration to Plaintiff for the Trademark "JUST BELIEVE".

19.     JUST BELIEVE is registered with the U.S.P.T.O. as Registration No. 3,783,336 under the international classification of 041 for education and entertainment services.  A true and correct copy of the registration is attached hereto **as Exhibit "A."**  The Plaintiff is the owner of the JUST BELIEVE Federal trademark. This federal trademark has not been abandoned, canceled or revoked.

20.     Plaintiff has maintained in force and has continuously used the Federally registered trademark in commerce since obtaining such registration in connection with its education, and personal and professional wealth coaching business.

21.     The Plaintiff's website at www.davidneagle.com clearly indicates therein that the name "JUST BELIEVE" is a registered trademark, which is further detailed on several pages

-4-

**COMPLAINT**

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

1   throughout the website.

2       22.    Plaintiff has expended substantial time, money and invested significant resources

3   in developing, displaying, advertising, and otherwise promoting the Plaintiff's Trademark and

4   derivative marks in print and over the Internet through its websites.  In addition, the Plaintiff has

5   made extensive use of its marks on, among other things, domains, signage, business cards, pens,

6   and other promotional materials.  Plaintiff's distinctive marks have become exclusively

7   associated with and identify the business and services of the Plaintiff.

8       23.    Based on its Federal Trademark Registration and extensive use, Plaintiff owns the

9   exclusive right to use Plaintiff's mark and derivatives of the mark in connection with its business

10  education services, and personal and professional wealth coaching.

11      24.    As a result of the extensive use and promotion by the Plaintiff of its Trademark,

12  the Plaintiff has earned valuable goodwill which is symbolized by its name and its mark.  During

13  the past 9 years of continuous operation members of the consuming public have come to readily

14  identify the JUST BELIEVE mark as being associated with a high quality of service, and have

15  allowed the Plaintiff widespread name recognition and notoriety for the JUST BELIEVE

16  Trademark.  Over time, Plaintiff has attained a national reputation amongst its clientele, personal

17  wealth coaches and prominent businesses which it services.

18      25.    The extensive advertising and promotion of Plaintiff's mark has increased its

19  saleability and public acceptance, and resulted in Plaintiff's mark becoming famous, unique and

20  distinctive in the business education, and personal and professional wealth coaching and service

21  business.

22      26.    Accordingly, Plaintiff's Trademark has achieved secondary meaning as the

23  identifier of Plaintiff's high-quality business education and personal and professional coaching

24  services.

25      27.    Upon information and belief, at all relevant times hereto, the Defendants in this

26  action have had full and actual knowledge of Plaintiff's trademark, including its exclusive right to

27  use and license the Trademark and the goodwill associated therewith. Prior to the unlawful acts in

28  question, the Defendants were well aware of Plaintiff's regular use of the JUST BELIEVE mark.

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

### Defendants' Unauthorized, Illegal and Infringing Activities

28.     Long after the secondary meaning of Plaintiff's marks had emerged as a provider of high quality business education and wealth coaching services, the Defendants, upon information and belief, sought to generate substantial ad revenues by acquiring the domain name "www.justbelieve.com" and placing advertisements on the aforementioned website as well as the contact information for an escrow company through which domain names are auctioned.

29.     Despite their aforesaid constructive notice and actual knowledge of the Plaintiff's mark, the Defendants, and each of them, have engaged in an extensive, deliberate, and illegal campaign to deceive the public, illegally piggybacking upon Plaintiff's good-name and reputation, mistakenly believing that they could flout the law with impunity

30.     Specifically, Defendants have created and are using "JUST BELIEVE" as a domain name located at: www.justbelieve.com.  Such name is confusingly similar to Plaintiff's trademark, "JUST BELIEVE".

31.     The use by the Defendants of the "JUST BELIEVE" name improperly suggests to the public that there exists an affiliation or license between the Plaintiff and the Defendants.

32.     In using the infringing mark, the Defendants have diluted the distinctiveness of the Plaintiff's marks, and have misled and confused actual and potential consumers in the market for business education and personal and professional wealth coaching services.

33.     Upon information and belief, Defendants collectively are the operators of the website and domain name: www.justbelieve.com, the primary infringing site. This infringing site has an IP address of 64.15.205.100 and the infringing domain name justbelieve.com. Said infringing domain was registered by Defendants.

34.     The domain name registrar for the infringing domain is Defendant, INTERNET.BS CORP. Defendant, INTERNET.BS CORP provides private domain name registrations which mask and hide the identities and information of the relevant websites' owners.

35.     The infringing mark not only forms the basis for the infringing domain, but it is also depicted prominently on the Defendants' primary infringing site. Example can be found in **Exhibit "B"**, a true and correct copy of which is attached hereto.  This infringing material

-6-

1   constitutes a substantial duplication of Plaintiff's mark, or at a minimum, constitutes a familiar

2   and highly similar variant thereof.

3       36.    The Defendants' use of the mark JUST BELIEVE and their use of the domain

4   name www.justbelieve.com each utilize a the exact spelling of the Plaintiff's mark.  As such, the

5   commercial impression of Defendants' use of the JUST BELIEVE mark is identical to Plaintiff's

6   mark, in sound, appearance and meaning.

7       37.    By design, the infringing name is confusingly similar to the Plaintiff's marks.

8   When a user types the infringing domain into a web browser, the user is routed directly to the

9   Defendant's website.  A true and correct copy of the screen prints showing that justbelieve.com

10  resolves to the Defendant's home page is attached hereto as **Exhibit "B"**.

11      38.    It is clear that the Defendants' infringing domain name was purposely configured

12  and designed by the Defendants to mislead consumers, to divert them away from the Plaintiff's

13  services, and to generate ad revenues.

14      39.    Defendants' simulation and use of the Plaintiff's trademark was done without

15  Plaintiff's consent or authorization.  Nor have the Defendants obtained a license from the Plaintiff

16  to use or simulate Plaintiff's marks to solicit business.

17      40.    The foregoing unauthorized activities of the Defendants in seeking to attract, for

18  commercial gain, internet and social media traffic, at the expense of the Plaintiff, and with the

19  aim of diverting Internet traffic away from the Plaintiff's website and services to their own, has

20  damaged and disrupted the Plaintiff's business.

21      41.    Further, the Defendant's conduct constitutes the most egregious and damaging

22  form of cyberpiracy and trademark infringement because consumers and potential consumers

23  have no idea that they are being duped and misled, in that the Defendants are purposely

24  attempting to create an association between the infringing domain names and the Plaintiff's

25  marks.

26      42.    Upon information and belief, all the Defendants have acted willfully, intentionally,

27  in bad faith and/or with reckless disregard or willful blindness to the rights of the Plaintiff, and

28  have aided and abetted each other in the consummation of the unlawful scheme, in that they knew

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

or should have known of the unlawfulness of their acts and encouraged one another to so act and to misrepresent to the public and to conceal from the consuming public the Plaintiff's true identity, and to counterfeit, profit and trade on the Plaintiff's good name and marks.

43.     Upon information and belief, the intentional, deliberate and willful nature of the acts of the Defendants make this an exceptional case under 15 U.S.C.§1117 (a).   Plaintiff is entitled to recover attorney fees in exceptional cases, such as the case at bar.

44.     Upon information and belief, the Defendants have no trademarks or other intellectual property, and did not have reasonable grounds to believe that the use of the infringing domain names was a fair use or otherwise lawful.

45.     These acts by the Defendants as aforesaid constitute direct, vicarious and/or contributory infringement of the Plaintiff's trademark rights in violation of 15 U.S.C. §1114(1).

46.     Plaintiff has no adequate remedy at law.

47.     Plaintiff is suffering irreparable injury and has suffered substantial monetary damages as a direct and proximate result of Defendants' counterfeiting and infringing activities.

48.     Upon information and belief, if not enjoined by this Court, Defendants will continue their illegal activities.  Further, if not enjoined by this Court, the Defendants' activities are likely to continue to cause confusion among the purchasing public, since Defendants clearly intend to continue marketing their identical services to the exact same customer base as that of the Plaintiff utilizing the identical infringing mark, and impairing the value of the Plaintiff's name, marks, reputation, and goodwill.

49.     Plaintiff has retained the undersigned counsel to represent it in this matter and is obligated to pay a reasonable attorneys fee for such representation.

///

///

///

///

///

///

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

## COUNT I

## CYBERPIRACY PREVENTION UNDER THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))

50.    Plaintiff realleges and incorporates by reference the matters alleged in all of the foregoing paragraphs of this Complaint as if fully set forth herein.

51.    Defendants' bad-faith intent to profit from the use of the Plaintiff's trademark by directing traffic to Defendants' website(s) constitutes cyber piracy under 15 U.S.C. § 1125(d).

52.    Defendants' have engaged in cybersquatting, by registering, trafficking in and using a domain name intentionally designed and configured to utilize Plaintiff's federally registered trademark.  In doing so, the Defendants are capitalizing on the Plaintiff's goodwill in a concerted effort to divert traffic to the Defendant's sites.

53.    Defendants' cyber piracy of the Plaintiff's trademark has caused and will continue to cause unquantifiable monetary damage to the Plaintiff, and is causing irreparable harm to the Plaintiff's business, and impairing the value of its name, reputation and goodwill, for which there is not an adequate remedy at law.

54.    Defendants are directly, contributory, or vicariously liable for these actions.

55.    Plaintiff will continue to be irreparably injured and damaged by Defendants' cyber piracy of Plaintiff's trademark rights, unless enjoined by the Court.

## COUNT II

## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

56.    Plaintiff realleges and incorporates by reference the matters alleged in all of the foregoing paragraphs of this Complaint as if fully set forth herein.

57.    This action is for trademark counterfeiting and infringement against Defendants based on Defendants' promotion, advertisement, distribution, sale, and/or offering for sale of services in commerce while using and trafficking in Plaintiff's trademark and derivative mark.

58.    The Defendants are using Plaintiff's exact federally registered trademark, through the same streams of commerce that Plaintiff utilizes, and are knowingly using such mark in commerce which the Plaintiff owns and continues to use.

- 9 -

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

59.     Defendants' unauthorized and unlicensed use in commerce of Plaintiff's mark, constitute a reproduction, copying, counterfeiting and colorable imitation of the Plaintiff's mark in a manner that is likely to cause and/or is actually causing confusion, mistake, and deception among members of the trade and of the general consuming public with respect to the origin and source of Defendants' ad revenue and generating services.

60.     The use by the Defendants of the Plaintiff's mark and website content in its advertising has been conducted in such a deceptive and confusing manner so as to cause consumers to falsely believe that there is a connection, affiliation, or association with the Plaintiff.

61.     The Defendants committed their wrongful acts with the intent to mislead and misdirect consumers.

62.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable monetary damages to Plaintiff and is causing irreparable harm to its business, and impairing the value of its name, reputation and goodwill, for which there is not an adequate remedy at law.

63.     The foregoing acts by the Defendants constitute direct, vicarious, and/or contributory infringement of Plaintiff's trademark rights in violation of 15 U.S.C. § 1114(1).

64.     The intentional nature of the acts of Defendants make this an exceptional case under 15 U.S.C. 1117(a).

65.     Plaintiff will continue to be irreparably injured and damaged by Defendants' infringement of Plaintiff's trademark rights, unless enjoined by the Court.

## COUNT III

## FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION 15 U.S.C. § 1125(a)

66.     Plaintiff realleges and incorporates by reference the matters alleged in all of the foregoing paragraphs of this Complaint as if fully set forth herein.

67.     Defendants' unauthorized use in commerce of the infringing mark in connection with their solicitation, advertising and promotion of their ad revenue and generating services constitutes a false designation of origin and/or a false or misleading description or representation

- 10 -

of fact, which is likely to cause confusion or mistake in the minds of the public as to the origin of said services. Such unauthorized use by the Defendants of the Plaintiff's mark is further likely to deceive the public as to the affiliation, connection or association with the Plaintiff, or as to the sponsorship or approval by the Plaintiff of the Defendants' services or commercial activities, in violation of 15 U.S.C. §1125 (a).

68.     The aforementioned acts of the Defendants further constitute unfair competition, in violation of 15 U.S.C. §1125 (a). These acts have and will likely continue to deceive business professionals seeking wealth coaching into falsely believing that the Defendants are somehow affiliated or associated with the Plaintiff, or sponsored by the Plaintiff. Through their marketing campaign, the Defendants have and will likely continue to deceive and influence the purchasing decisions of prospective customers of the Plaintiff, resulting in a diversion of business people seeking education and coaching away from the Plaintiff, instead going to Plaintiff's competitors.

69.     Defendants' use in commerce of Plaintiff's exact mark with the knowledge that Plaintiff owns, has used, and continues to use said mark, constitutes intentional conduct by the Defendants to make false designations or representations of origin to the consuming public about the services of the Defendant, and to unfairly compete against the Plaintiff in willful and conscious disregard of Plaintiff's rights to its trademark.

70.     As a result of their direct, vicarious and/or contributory acts as aforesaid, the Defendants have been and/or will be unjustly enriched by profits that they have made in connection with their infringing and counterfeiting activities.

71.     Defendants' unlawful acts have caused and are continuing to cause unquantifiable monetary damages to the Plaintiff and is causing harm to its business, and impairing the value of its name, reputation and goodwill, for which there is no adequate remedy at law.

72.     Absent an entry of injunction by this Court, Plaintiff will continue to be irreparably injured and damaged by the Defendants.

///

///

///

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

COMPLAINT

## COUNT IV

## TRADEMARK DILUTION (15 U.S.C. §1125 (c))

73.     Plaintiff realleges and incorporates by reference the matters alleged in all of the foregoing paragraphs of this Complaint as if fully set forth herein.

74.     The Plaintiff's trademark has been advertised and used extensively for a number of years, both in California and throughout the United States.

75.     As a result thereof, the Plaintiff's trademark has acquired a high degree of distinctiveness, and is highly recognizable by the trade and the consuming public.

76.     Defendants are engaged in the commercial use of the Plaintiff's trademark and derivative mark in commerce, with the intent of trading on Plaintiff's reputation and goodwill through the use of said marks.

77.     Defendants' aforesaid unauthorized uses, counterfeiting and infringing activities dilute, diminish, tarnish, lessen and detract from the distinctive quality and value of the Plaintiff's trademark, with consequent damage to the Plaintiff, and the business and goodwill symbolized by the Plaintiff's trademark, all in violation of 15 U.S.C. §1125 (c).

78.     As a result of their direct, vicarious and/or contributory acts as aforesaid, the Defendants have been unjustly enriched by the profits that they have made in connection with their willful trademark dilution of the Plaintiff's mark.

79.     Defendants' unlawful acts have caused and are continuing to cause unquantifiable monetary damages to the Plaintiff and harm to its business, and impairing its name, reputation and goodwill, for which there is no adequate remedy at law.

80.     Absent an entry of injunction by this Court, Plaintiff will continue to be irreparably injured and damaged by the Defendants.

## COUNT V

## STATE TRADEMARK DILUTION (Cal. Bus. & Prof. Code § 14247)

81.     Plaintiff realleges and incorporates by reference the matters alleged in all of the foregoing paragraphs of this Complaint as if fully set forth hereunder.

82.     Defendants' unauthorized use of the Plaintiff's trademark and service marks have

- 12 -

COMPLAINT

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

blurred, tarnished and diluted and continue to blur, tarnish and dilute the distinctive quality of said marks by lessening the capacity of Plaintiff's marks to identify and distinguish its services, and by causing confusion and deception amongst the Plaintiff's market, in violation of California Business & Professions Code § 14247.

83.    As a result of their direct, vicarious and/or contributory acts as aforesaid, the Defendants have been unjustly enriched by profits that they have made in connection with their willful trademark dilution of the Plaintiff's mark.

84.    Defendants' unlawful acts have caused and are continuing to cause unquantifiable monetary damages to the Plaintiff and harm to its business, and impairing its name, reputation and goodwill, for which there is no adequate remedy at law.

85.    Absent an entry of injunction by this Court, Plaintiff will continue to be irreparably injured and damaged by the Defendants.

## COUNT VI

## CALIFORNIA DECEPTIVE AND UNFAIR TRADE PRACTICES

### (Cal. Bus. & Prof. Code § 17200 *et seq.*)

86.    Plaintiff realleges and incorporates by reference the matters alleged in all of the foregoing paragraphs of this Complaint as if fully set forth herein.

87.    The Plaintiff seeks to have this Court declare, pursuant to California Business & Professions Code § 17200 *et seq.*, that the aforementioned acts of the Defendants in the conduct of its business by unlawfully trading on the Plaintiff's name, reputation and goodwill, and by diluting and infringing on the Plaintiff's trademark and service marks in this State, and by copying portions of Plaintiff's website content and material, constitute unfair and/or deceptive acts or practices and unfair methods of competition.

88.    As a result of their direct, vicarious and/or contributory acts as aforesaid, the Defendants have been and/or will be unjustly enriched by profits that they have made in connection with their infringing and counterfeiting activities.

89.    Defendants' unlawful acts have caused and are continuing to cause unquantifiable monetary damages to the Plaintiff and harm to its business, and impairing its name, reputation

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

- 13 -

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

1    and goodwill, for which there is no adequate remedy at law.

2         90.    Absent an entry of injunction by this Court, Plaintiff will continue to be irreparably

3    injured and damaged by the Defendants.

4                                    **COUNT VII**

5    **TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER**

6                          **CALIFORNIA COMMON LAW**

7         91.    Plaintiff realleges and incorporates by reference the matters alleged in all of the

8    foregoing paragraphs of this Complaint as if fully set forth herein.

9         92.    The Defendants infringement of the Plaintiff's trademark and use of a wholly

10   identical mark in the exact same streams of commerce as used by Plaintiff falsely suggests that

11   Plaintiff and Defendants are somehow affiliated, connected, or associated with each other, and is

12   likely to cause consumers to be confused as to their source, origin, sponsorship, license, approval,

13   and/or affiliation.

14        93.    The Defendants unauthorized use of the Plaintiff's mark in conjunction with the

15   Defendants advertising and marketing is further likely to cause confusion among consumers and

16   the trade, or cause mistake, or deceive consumers into believing that such services are endorsed

17   by or connected with the Plaintiff's business.

18        94.    That because of the similar marketing techniques utilized by the Plaintiff and

19   Defendants; because of the similar territories where services are being offered by the parties

20   hereto; and because the Defendants have improperly and intentionally infringed on Plaintiff's

21   marks as aforesaid in conducting and promoting their commercial business, the likelihood of

22   confusion, mistaken belief, and imparting consumers with the misleading impression that they are

23   dealing with the Plaintiff's business education, and personal and professional wealth coaching is

24   great.

25        95.    Defendants use of the Plaintiff's marks have diluted, damaged, blurred and

26   tarnished the distinctive quality and value of Plaintiff's marks, and they continue to so.

27        96.    The acts of Defendants were and are intended to trade on the Plaintiff's reputation

28   and to divert potential consumers away from the Plaintiff and instead to lure them to the

                                    - 14 -

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

Defendants sites and offices by taking advantage of the Plaintiff's business reputation, goodwill, its well established marks and website content. In doing so, the Defendants have embarked on a scheme by engaging in a deliberate course of deception and unfair competition, to the detriment of the Plaintiff.

97.     Plaintiff has been and will continue to be irreparably injured and damaged by Defendants' acts of trademark infringement and unfair competition.

98.     As a direct and proximate result of the Defendants actions as aforesaid, the Plaintiff and its business has suffered and will continue to suffer unquantifiable monetary damages, and impairment of its name, reputation and goodwill, and the Defendants have been unjustly enriched thereby, for which there is no adequate remedy at law.

99.     The unauthorized acts of the Defendants are continuing to cause the Plaintiff damages, and are likely causing the public to believe that the Defendants are somehow affiliated or associated with, licensed or sponsored by the Plaintiff, causing confusion among consumers, and the Plaintiff seeks to enjoin the Defendants from further using, promoting or advertising their mark and domain name which are confusingly similar to the Plaintiff's mark and sites.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LIFE IS NOW, INC., prays:

(1)     That the Defendants, and each of them, and their partners, employees, agents, representatives, and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or in participation with them, be enjoined during the pendency of this action, and thereafter permanently enjoined from:

(a)     Using the Plaintiff's trademark JUST BELIEVE and/or any other derivative name, mark, or designation, that is a colorable imitation of, or is confusingly similar to or a variation of the trademark or website in connection with the services offered by the Plaintiff in any way;

(b)     Registering, owning, selling, trafficking, benefiting from or using for any purpose, any domain names containing the Plaintiff's marks or confusingly similar variations thereof;

(c)     Representing in any manner or by any method whatsoever, directly or indirectly, that the Defendants' services are sponsored, approved, or authorized by, or originated from, the

- 15 -

Plaintiff, or otherwise preventing the Defendants from taking any action likely to mislead the public, or to cause confusion, mistake, or deception as to the origin, approval, sponsorship or affiliation of the Defendants' services, or taking any action that even indirectly suggests that Plaintiff endorses or condones the services offered by the Defendants;

(d)    Infringing or diluting the distinctive quality of the Plaintiff's trademark or any derivative thereof; and

(e)    Using, copying or otherwise exploiting Plaintiff's trademark or any derivative thereof.

(2)    That the Defendants forfeit and transfer all rights in their domain name www.justbelieve.com to the Plaintiff.

(3)    That the Defendnats be required to remove from the Internet any and all instances of advertising that use Plaintiff's trademark or any derivative thereof, in order to promote Defendants' services.

(4)    That the Defendants be required to account for, and identify, all registered owners of telephone numbers listed on the infringing websites.

(5)    That the Defendants be enjoined during the pendency of this action, and thereafter permanently, from promoting, marketing, licensing, or otherwise displaying the Plaintiff's trademark or any derivative thereof, without the express consent of the Plaintiff;

(6)    That the Defendants and all those in privity with the Defendants be required to surrender and deliver up to Plaintiff for destruction all products, containers, packages, labels, literature, catalogs, signs, advertising material, and the like bearing the Plaintiff's trademark or derivative mark, or any other mark that is confusingly similar thereto, together with all means of reproducing same.

(7)    That the Court declare that the Defendants' acts as alleged herein constitute deceptive and unfair trade practices;

(8)    That the Defendants, and each of them, produce an accounting of the gains realized by the Defendants from their wrongful acts, and pay over to Plaintiff monetary damages sustained by Plaintiff for each violation and cause of action, and the profits realized by the

- 16 -

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

Defendants by reason of their unlawful acts as herein alleged, and that the amount of recovery be increased as provided by the law;

(9)     That Plaintiff be awarded corrective advertising damages of more than $100,000.00;

(10)     That Plaintiff be awarded in excess of $1,000,000.00 in statutory damages, under 15 U.S.C. § 1117(c), which authorizes damages in the amount of $1,000,000.00 per counterfeit mark per type of goods or services sold, offered for sale, or distributed;

(11)     That the foregoing damages awards be trebled;

(12)     That Plaintiff be awarded its reasonable costs and attorney's fees;

(13)     That Plaintiff be awarded statutory, compensatory, consequential and punitive damages; and prejudgment interest thereon, and

(14)     That Plaintiff have such other and further relief as the Court may deem equitable and appropriate.

Dated:   December 24, 2012

Respectfully submitted,
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**


SEPEHR DAGHIGHIAN, ESQ.
Attorney for Plaintiff:
**Life Is Now, INC., an Illinois Corporation**

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues raised by this Complaint which are triable by jury.

Dated: <u>December 24, 2012</u>

Respectfully submitted,
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**


_____
SEPEHR DAGHIGHIAN, ESQ.
Attorney for Plaintiff: Life Is Now, Inc.

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

**COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

**EXHIBIT "A"**

# United States of America
## United States Patent and Trademark Office

# Just Believe

**Reg. No. 3,783,336**

**Registered May 4, 2010**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

LIFE IS NOW, INC. (ILLINOIS CORPORATION)
PO BOX 5005, NO. 80
RANCHO SANTA FE, CA 92067

FOR: EDUCATION SERVICES, NAMELY, PROVIDING SEMINARS IN THE FIELD OF BUSINESS; PERSONAL COACHING SERVICES IN THE FIELD OF BUSINESS; PROFESSIONAL COACHING SERVICES IN THE FIELD OF BUSINESS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-0-2003; IN COMMERCE 1-0-2003.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-656,038, FILED 1-25-2009.

ANDREW LEASER, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

**EXHIBIT "B"**

Just Believe | Just Believe

## Just Believe

BUY This Domain Name Now!
Click Here
Secure Transaction With
ESCROW.COM

**Sponsored Listings**

**Related Searches:**

**Youth Basketball Sign Ups**
The Web-Based Solution for Managing Youth Basketball Teams; Free Trial!
Basketball.SportsSignup.com

**Elite Basketball Training**
Take Your Game To Elite Level... Try Our Free Scoring Workout Today!
www.basketballrenegades.com

**Basketball Players Wanted**
College Coaches Are Coming To Us Qualified Athletes Only
NCSASports.org

**Grants For Online Schools**
Moms, Go To School. You May Qualify For Grants To Start School Online!
school-grants.classesandcareers.com

**Social Workers with a BSW**
Earn an MSW in as little as a year One-year program online through USC
msw.USC.edu/Virtual-Academic-Center

Loopnet

AAU Basketball League

Sports Coaches

College Sports Items

Basketball Sports Bags

Wilson Sports Apparel

Boys Sports Coats

Youth Sports Registration

Search: [                    ] [ Search ]

Privacy Policy

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LIFE IS NOW, INC., an Illinois Corporation

**DEFENDANTS**
INTERNET.BS CORP, a business entity, form unknown; GREGG MCNAIR, an individual; and MARC RINUADO, an individual

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

SEPEHR DAGHIGHIAN, LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 North Camden Drive, Fourth Floor, Beverly Hills, CA 90210
Tel: (310) 887-1333; Fax: (310) 887-1334

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☑ **MONEY DEMANDED IN COMPLAINT: $** 1,100,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Cyberpiracy, Trademark Infringement, False Designation of Origin/Unfair Competition, and Trademark Dilution, California Unfair Deceptive And Unfair Trade Practices

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number:   CV12-10955

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                         ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                         ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                         ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Cook County, Illinois |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | INTERNET.BS CORP -Location Unknown<br>GREGG MCNAIR - Location Unknown<br>MARC RINUADO - Location Unknown |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date December 24, 2011

     **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV12- 10955 PSG (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY